### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LAWRENCE LITTLE | : | |
|     Plaintiff | : | |
| | | |
| v | : | Civil Action No. WDQ-05-957 |
| | | |
| STEPHEN SACKS, Esq. | : | |
|     Defendant | : | |

. . . . . . . .o0o. . . . . . . .

### **MEMORANDUM**

The above-captioned civil rights action was filed on April 6, 2005, along with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, Plaintiff's Motion will be granted. For the reasons that follow, the complaint will be dismissed.

The allegations raised in the complaint concern Plaintiff's claim that his criminal trial attorney missed scheduled appointments, failed to insure that conspiracy charges against him were dismissed, and provided ineffective assistance of counsel. Paper No. 1. Although he claims entitlement to money damages, it is clear from Plaintiff's complaint that he is actually seeking to invalidate his criminal conviction through litigation of this ineffective assistance of counsel claim[1]. In *Heck v. Humphrey*, 512 U. S. 477 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned, and complaints containing such claims must therefore be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be entertained by this Court unless he has first successfully challenged his criminal conviction. In light of Plaintiff's current incarceration, resulting from

---

[1] To the extent that Plaintiff is seeking to litigate a State law claim for legal malpractice, this Court is without jurisdiction over such a claim in this case because there is no diversity of citizenship between the parties. "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (*citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

the criminal conviction in question, he has failed to satisfy that prerequisite.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.  The instant case fails to state a claim upon which relief may be granted and, by separate Order which follows, will be dismissed.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the second filed by Plaintiff that has been dismissed as frivolous[2].

|  |  |
|---|---|
|     4/15/2005     |     /s/     |
| Date | William D. Quarles, Jr.<br>United States District Judge |

---

[2] *See Little v. Kupec*, Civil Action No. WDQ-04-3813.

2